```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**BARBARA DIXON,**

    **Plaintiff,**

**v.**                                         **Civil Action No. 2:16-cv-05681**

**LIVE NATION WORLDWIDE, INC.**
**doing business as**
**TICKETMASTER, L.L.C.,**

    **Defendant.**

## Memorandum Opinion & Order

**Pending is the motion to dismiss for failure to participate in discovery and failure to prosecute, or in the alternative, motion for summary judgment, filed by defendant on June 20, 2017.**

**Barbara Dixon filed this action on May 25, 2016, alleging that she was discharged by defendant, her employer, in violation of the West Virginia Human Rights Act.  On February 2, 2017, Richard Walters, counsel for Ms. Dixon, filed a motion to withdraw as counsel because, despite numerous attempts to contact her by phone, email, regular and certified mail, he could not get in touch with her, which rendered him unable to confer with her on discovery matters.  The court set a hearing on the motion for February 13, 2017, and mailed Ms. Dixon a copy of the order at 544 Burlew Drive, Charleston, West Virginia,**

25302, and directed her to appear in person. Plaintiff did not appear at the hearing.

Due to Ms. Dixon's failure to contact Mr. Walters and her failure to appear at the hearing, the court granted Mr. Walters' motion to withdraw on February 15, 2017. In that order, the court directed Ms. Dixon to obtain new counsel by March 16, 2017, after which time she was presumed to continue the case on a _pro se_ basis. The court additionally fixed a new schedule to accommodate the delay caused by plaintiff's inaction and warned plaintiff that her failure to comply with the new schedule could subject her case to dismissal for failure to prosecute.

Defendant now asserts that since the court's February 15, 2017 order, no communication from Ms. Dixon has been received, despite sending a letter to her home address on May 1, 2017. Def. Mem. at 6. The letter summarized the history of the proceedings, emphasized Ms. Dixon's obligation to respond to defendant's first set of discovery, and noted that if she did not participate in discovery, defendant would seek dismissal of the case. _See_ Def. Ex. 6.

Rule 41(b) of the Federal Rules of Civil procedure

provides for the dismissal of an action for a plaintiff's failure to prosecute or to comply with the court's rules or orders. In determining whether such a sanction is warranted, the court balances the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978).

First, defendant asserts that Ms. Dixon is personally responsible for the failure to prosecute, such that dismissal of this action is warranted. Def. Mem. at 15. In support of this, defendant states that when Ms. Dixon was represented by counsel, she failed to answer his repeated requests to respond to discovery, which led to his withdrawal. Id. Since that time, Ms. Dixon has failed to prosecute in any way or to respond to defendant's inquiries. Id. Ms. Dixon has failed to meet the deadlines contained in the court's February 15, 2017 scheduling order.

Second, defendant likewise contends that it is prejudiced by Ms. Dixon's failure to respond to discovery

requests and additionally have incurred fees and costs in dealing with her failure to participate in discovery, including fees associated with conferring with her former counsel. Id. at 11. Third, defendant asserts that Ms. Dixon's failure to take any action in the litigation of this case since before December 2016 evidences dilatory conduct, which warrants dismissal of this case. Id. at 17-18. The court additionally notes that Ms. Dixon has failed to respond to the present motion to dismiss.

Finally, defendant does not believe that any sanction other than dismissal will be effective in that Ms. Dixon last spoke with her counsel on December 29, 2016, has not responded to any calls or correspondence, and did not attend the hearing on the motion to withdraw as directed by the court. Id. at 12.

The court finds that, when weighing the above factors, dismissal of the action is warranted for Ms. Dixon's failure to prosecute the case. As discussed, Ms. Dixon has not been in contact with her former counsel, opposing counsel, or the court since December 29, 2016, despite repeated attempts to contact her. Moreover, the court's February 15, 2017 order granting Mr. Walter's motion to withdraw expressly warned Ms. Dixon that her case would be subject to dismissal for failure to prosecute if she did not comply with the new schedule. See Doc. No. 19.

Accordingly, the court ORDERS that defendant's motion to dismiss be, and it herby is, granted for plaintiff's failure to prosecute this action.  It is additionally ordered that this action be, and it hereby is, dismissed without prejudice.

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties and to plaintiff via U.S. Mail at the following address:

>    Barbara Dixon
>    544 Burlew Drive
>    Charleston, WV 25302

DATED:  August 10, 2017

John T. Copenhaver, Jr.
United States District Judge